UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH D. YODER, JR., :
:
    Plaintiff :
:  NO. 3:CV-04-1860
-vs- :
:  (Judge Kosik)
:
JOANNE BARNHART, Commissioner :
of Social Security, :
:
    Defendant :

# **MEMORANDUM**

Before the court is a dispute concerning a decision by the Commissioner of Social Security in which the Commissioner denied plaintiff's claims for Disability Insurance Benefits. The record is being reviewed pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision. The matter was assigned to United States Magistrate Judge Malachy E. Mannion and appropriate briefs were filed. The Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge and will deny plaintiff's appeal.

## Background

The plaintiff, Kenneth D. Yoder, Jr., filed an application for Disability Insurance Benefits on September 23, 2002 alleging an inability to move his right arm.[1] Plaintiff's claim was denied initially and a hearing was requested. A hearing was scheduled before

---

[1] Plaintiff originally alleged an onset date of May 1, 2002. The date was amended at the hearing before the Administrative Law Judge to September 10, 2002. This amendment is the basis for one of plaintiff's objections to the Report and Recommendation of the Magistrate Judge.

an Administrative Law Judge on November 18, 2003.  Neither plaintiff nor his counsel appeared and a notice to show cause was issued.  The hearing was rescheduled and held on April 2, 2004.  On April 16, 2004, the Administrative Law Judge issued a decision denying benefits.  Plaintiff requested review of the decision by the Appeals Council, and the request for review was denied on June 25, 2004.

Plaintiff filed a complaint in this court on August 23, 2004.  An answer to the complaint was filed on November 23, 2004.  Appropriate briefs were filed in support of and in opposition to plaintiff's appeal.  On May 27, 2005, the Magistrate Judge issued his Report and Recommendation wherein he recommended that the plaintiff's appeal of the Commissioner's decision be denied.  On June 14, 2005, plaintiff filed objections to the Magistrate Judge's Report and Recommendation and a brief in support of the objections.  Defendant's brief in response to plaintiff's objections was filed on June 29, 2005.

In his objections and brief, the plaintiff raises several objections arising out of the Administrative Law Judge's conduct of the hearing.  Specifically, the plaintiff argues: (1) that the Magistrate Judge erred in finding that plaintiff was adequately informed of his right to representation and voluntarily chose to proceed with his hearing without representation; (2) that the Magistrate Judge erred in finding that plaintiff requested an amended onset date of September 10, 2002; and (3) that the Magistrate Judge erred in failing to follow or allude to the teaching of _Reefer v. Barnhart_, 326 F.3d 376, 380 (3d Cir. 2003).  Plaintiff requests a remand to the defendant so that the record can be fully developed.  We will review the plaintiff's objections to the Report and Recommendation of the Magistrate Judge in light of the instant record.

## Discussion

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a _de novo_ determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1); _see_ _Sample v. Diecks_, 885 F.2d 1099, 1106 n.3 (3d Cir.

1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When a claimant appeals from a final judgment by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence. 42 U.S.C. §405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Stunkard v. Secretary of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Id.* It is less than a preponderance of the evidence but more than a mere scintilla. *Id.*

A five-step evaluation process is used to determine whether a person is eligible for disability benefits. *See* 20 C.F.R. §404.1520. If it is found that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed beyond that step in the sequence. 20 C.F.R. §404.1520.

The first step of the process requires the plaintiff to establish that he has not engaged in "substantial gainful activity." *See* 20 C.F.R. §404.1520. The second step involves an evaluation of whether the plaintiff's impairment or combination of impairments is severe, so that it significantly limits the plaintiff's ability to perform basic work activities. *See* 20 C.F.R. §404.1520(c). Third, the Social Security Administration will look to see if the plaintiff's impairments or combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulation No. 4.

If it is determined that the plaintiff's impairment does not meet or equal a listed impairment, the Commissioner must continue to the fourth step in the sequential evaluation process and consider whether the plaintiff has the residual functional capacity to perform

past relevant work. *See* 20 C.F.R. §404.1520(e). If the plaintiff establishes that he is unable to perform past relevant work, then the inquiry proceeds to step five. At this stage, the burden of the proceedings shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience. 20 C.F.R. §404.1520(a).

In applying the evaluation process in this case, the Administrative Law Judge found (1) that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) that the plaintiff's medically determinable impairments were considered severe; (3) that the plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) that the plaintiff did not have the residual functional capacity to perform his past relevant work as a steel foundry worker and (5) that there exists a significant number of jobs in the economy which the plaintiff can perform consistent with his medically determinable impairments, functional limitations, age, education and work experience, namely, building receptionist, gate person, scales operator and electronic inspector. Thus, the Administrative Law Judge determined that plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision.[2]

In his first objection, plaintiff argues that the Magistrate Judge incorrectly found that plaintiff was adequately informed of his right to representation and voluntarily chose to proceed with his hearing without representation. Specifically, plaintiff asserts that a review of the record shows that the Administrative Law Judge never asked plaintiff if he wanted to proceed without representation.

---

[2]*See*, Decision of Administrative Law Judge, R. 12-18.

In the brief in response to the objections, the defendant argues that plaintiff was advised of his right to representation at numerous times throughout the process. Moreover, plaintiff hired an attorney to represent him, however, the attorney did not appear for either of two scheduled hearings, even though plaintiff was notified of his right to representation in each of the notice letters. At the time of the hearing, plaintiff and the Administrative Law Judge discussed representation. In particular, they discussed the difficulty of getting representation in a prison context.[3] Plaintiff stated that he tried three lawyers and they could not represent him.[4] The Administrative Law Judge stated:

> ALJ: Yeah, that's the problem you run into in the prison. Well, the fact that you're having the hearing today without a representative, this is not a criminal matter in a criminal case where the State Government will provide one, <u>but in these civil matters you have a right to representation, if you can get somebody to come in</u>. What I run into in the prisons and the correctional institutions, it's very, very hard, because Legal Aid Legal Services won't allow their people to do it. A lot of private types won't do it. The fact you don't have one at today's hearing doesn't keep you from getting one involved in your case. . . .[5] (emphasis added).

In his Report and Recommendation, the Magistrate Judge found that it was apparent from the exchange between the Administrative Law Judge and the plaintiff at the start of plaintiff's hearing that the Administrative Law Judge inquired as to plaintiff's attempt to obtain legal representation, that he discussed with plaintiff the difficulty in obtaining legal representation while incarcerated, that he explained to plaintiff that although this was not a criminal matter, the plaintiff had a right of representation at the hearing, and that if plaintiff chose to proceed without representation, he could attempt to get counsel to help with any appeal that was necessary. We agree with the Magistrate Judge that given the exchange on the record, plaintiff was informed of his right to representation and voluntarily

---

[3] We note that at the time of the hearing, plaintiff was an inmate at SCI-Rockview.

[4] *See*, Transcript of Hearing, R. 158-159.

[5] *See*, Transcript of Hearing, R. 158-159.

chose to proceed with the hearing without representation. Thus, we find no merit to plaintiff's first objection.

In his second objection, plaintiff objects to the Magistrate Judge's conclusion that "contrary to the assertion made by plaintiff's counsel, the plaintiff did request an amended onset date of September 10, 2002." In his brief in support of the objections, plaintiff argues that he never requested to amend the onset date and that the Administrative Law Judge told him to sign it.

A review of the record shows that at the beginning of the hearing, the Administrative Law Judge was discussing with plaintiff the record in his case. The Administrative Law Judge pointed out to plaintiff that the record showed that plaintiff filed an application for disability insurance benefits alleging disability since May 1, 2002. During the conversation, the plaintiff stated that he didn't stop working until August. At that point, the Administrative Law Judge asked plaintiff if he wanted to amend his claim to say that his disability started in August. The plaintiff discussed his injury and reinjury and said that the onset date was the date he went to the hospital in Las Vegas – September 10, 2002. The Administrative Law Judge amended the onset date at plaintiff's direction and plaintiff signed it.[6]

We agree with the Magistrate Judge's finding that the record indicates that plaintiff requested an amended onset date of September 10, 2002 at the hearing. Accordingly, we find no merit to plaintiff's second objection.[7]

The plaintiff's final objection regards the Magistrate Judge's alleged failure to follow the teachings of *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). In his brief, plaintiff argues that an Administrative Law Judge owes a duty to a *pro se* claimant to help him or

---

[6] *See* Transcript of Hearing, R. 160-162.

[7] Plaintiff filed a third objection relating to the plaintiff's ability to complete questionnaires. We note plaintiff does not address this objection in his supporting brief, and we deem it to be abandoned. However, we do agree with the Magistrate Judge's analysis in addressing this issue.

her develop the administrative record and must scrupulously and conscientiously probe into, inquire of, and explore all of the relevant facts. In particular, the plaintiff faults the Administrative Law Judge for not obtaining plaintiff's medical records from SCI-Camp Hill, where Ultram was prescribed for pain, to see their assessments of plaintiff's complaints. The plaintiff asserts that pursuant to *Reefer*. it was mandatory for the Administrative Law Judge to obtain plaintiff's medical records. He requests a remand since he asserts that the Administrative Law Judge failed to adequately develop the record.

In the brief in response to plaintiff's objections, the defendant acknowledges that an Administrative Law Judge generally has a heightened duty to develop the record carefully and to assume a more active role when a plaintiff is unrepresented. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). However, defendant adds that lack of representation is sufficient cause for a remand only if supported by a showing of clear prejudice or unfairness at the hearing. *Domozik v. Cohen*, 413 F.2d 5, 9 (3d Cir. 1969).

Defendant argues that the plaintiff's complete medical history was developed in this case. Specifically, plaintiff's treatment records were obtained from Valley Hospital and plaintiff was referred to a doctor for a consultative internal medicine exam. Additionally, plaintiff was offered assistance in obtaining any additional evidence.

While defendant acknowledges that on one of the questionnaires, plaintiff stated he sought treatment from unnamed doctors who worked at the State Correctional Institution at Camp Hill, plaintiff stated that these medical records were relevant because they revealed he would never get back complete use of his arm. Defendant argues that no additional evidence was needed on this point because the Administrative Law Judge found that plaintiff's physical exams revealed he had essentially no use of his dominant right upper arm extremity due to weakness and atrophy and that he took Ultram for pain. The Administrative Law Judge also agreed that plaintiff was limited to work where he did not use his dominant right upper extremity due to osteoporosis of his humeral head and right

upper extremity monoplegia caused by a brachial plexus injury. Additionally, defendant argues that the vocational expert testified that plaintiff could perform numerous sedentary jobs existing in the national economy even if he needed to wear a sling for support and had no useful function reaching, handling, fingering and feeling with his right upper extremity.

Defendant then distinguishes the *Reefer* case by pointing out that in *Reefer*, the Court of Appeals found that the Administrative Law Judge failed to adequately develop the record in an SSI case, where the Administrative Law Judge did not investigate Reefer's testimony regarding a stroke, which was not referenced in her medical records and did not arrange to receive records relating to her surgery to remove pressure from her brain stem. *Reefer*, 326 F.3d at 380-81. In the instant case, defendant points out that plaintiff denied having any other disorders besides his ability to use his right arm and the Administrative Law Judge completely accepted plaintiff's claim on this point. Thus, defendant argues that because the Administrative Law Judge accepted plaintiff's claim that he was unable to use his right arm, the plaintiff's medical records from SCI-Camp Hill were not necessary.

In addressing plaintiff's argument, the Magistrate Judge recognized that when a claimant is unrepresented at the administrative hearing level, the Administrative Law Judge is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. The Magistrate Judge then sets forth the applicable law. The Magistrate Judge then summarized the sequence of events leading up to plaintiff's hearing and concluded:

> At the start of his hearing and, again, before the record was closed, the A.L.J. asked the plaintiff if there was any additional information which he wanted considered in conjunction with his application for D.I.B. (TR. 160, 173). In response, the plaintiff indicated "[j]ust what happened when I got taken [to] the jail, when I first came in here." (TR. 160). However, the plaintiff failed to bring any of his institutional records for consideration and gave no indication that he needed assistance in obtaining them. To this extent, as set forth by defendant, the plaintiff was made aware through the Office of Hearings and Appeals, ("OHA"), that, if he needed help in meeting his burden of establishing his claim and providing additional evidence for the

>A.L.J.'s consideration, he could contact the OHA. (TR. 42-43). There is no indication from the record that the plaintiff contacted the OHA for assistance.
>
>The record further reflects that the OHA also sent the plaintiff questionnaires in January 2004 seeking information on any recent medical treatment and medication. (TR. 48-52). There is no indication from the record, however, that the plaintiff ever completed and returned the questionnaires. On an earlier questionnaire, the plaintiff indicated that he had received treatment from unnamed doctors at SCI-Camp Hill. (TR. 107). Counsel for the plaintiff argues that the A.L.J. should have obtained these records for consideration on the plaintiff's behalf. However, the only relevance of these records noted by the plaintiff was the fact that they indicated that he would "probably never get complete use of [his] arm back" and that he was prescribed Ultram, a pain medication. As indicated by the defendant, the A.L.J. found in his decision that the plaintiff had essentially no use of his dominant right extremity due to weakness and atrophy, and that the plaintiff was prescribed Ultram for pain. (TR. 14). Therefore, since the A.L.J. had accepted the only alleged limitations set forth by the plaintiff, further development of the record in relation to this impairment was unnecessary.

While it is true that the Magistrate Judge did not cite to _Reefer v. Barnhart_, 326 F.3d 376 (3d Cir. 2003)[8], in conducting his analysis, we find that the Magistrate Judge correctly applied the law to the circumstances of the case. We agree that the Administrative Law Judge was not required to obtain plaintiff's medical records from SCI-Camp Hill, since the Administrative Law Judge accepted plaintiff's assertion that the records would reflect that he would probably never get complete use of his arm back and that he was prescribed Ultram for pain. Accordingly, we find no merit to plaintiff's last objection.

---

[8] In _Reefer v. Barnhart_, _supra_., the Court of Appeals remanded the matter on two grounds: (1) that the Administrative Law Judge failed adequately to develop the record; and (2) that the Administrative Law Judge failed to explain why he credited some evidence and discredited other evidence. As to the first ground, the Court held that the Administrative Law Judge, in that case, failed to follow up on claimant's testimony about her stroke, and did not even mention the stroke in his opinion. Additionally, the Court found that the Administrative Law Judge had failed to adequately question claimant to enable him to make a credibility determination. The Court of Appeals also alluded to the Administrative Law Judge's failure to consider records regarding surgery to remove pressure from claimant's brainstem. We find that the _Reefer_ remand was decided based solely on the record before the court, and the Magistrate Judge did not err in failing to cite to it.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH D. YODER, JR., :
:
        Plaintiff :
: NO. 3:CV-04-1860
-vs- :
: (Judge Kosik)
:
JOANNE BARNHART, Commissioner :
of Social Security, :
:
        Defendant :

## **ORDER**

AND NOW, this 9th day of August, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated May 27, 2005 (Document 12) is **ADOPTED**;

(2) The plaintiff's appeal is **DENIED**;

(3) The decision of the Commissioner is **AFFIRMED**; and

(4) The Clerk of Court is directed to **CLOSE** this case and forward a copy of this Memorandum and Order to the Magistrate Judge.

                                                  s/Edwin M. Kosik
                                              United States District Judge